UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDALL IZQUIERDO,

    Petitioner,

v.      CAUSE NO. 3:19-CV-866 DRL-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Randall Izquierdo, a prisoner without a lawyer, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 17-06-0147) where the Miami Correctional Facility Disciplinary Hearing Officer (DHO) found him guilty of Assault/Battery in violation of Indiana Department of Correction (IDOC) offense A-102 on June 23, 2017. As a result, he was sanctioned with the loss of 60 days earned credit time and demoted to Credit Class 2.

According to the conduct report, a corrections officer saw Mr. Izquierdo engaged in a physical altercation with his cellmate. ECF 1-1 at 1. Mr. Izquierdo had his cellmate in a headlock and was punching him in the back with his right hand while holding a hot pot in the other. *Id*. After the officer instructed the two men to separate, Mr. Izquierdo let go and then hit his cellmate twice in the head with the pot. *Id*.

Mr. Izquierdo argues he is not to blame for the altercation. He says it is the prison's fault for housing him with a dangerous offender, despite his repeated requests to be moved. ECF 1 at 4. He asserts it was only a matter of time before his dangerous cellmate

would try and kill him, and he had no choice but to act in self-defense. *Id.* at 5. Plus, he says, the officer lied in the conduct report because it is impossible for him to be punching his cellmate with one hand and holding a hot pot in the other hand, all while keeping his cellmate in a headlock. *Id.*

To the extent that Mr. Izquierdo is arguing that he was acting in self-defense, that is not a basis for granting him relief. "Prisons may discipline inmates who engage in violence even if the inmate did so to protect himself." *Keller v. Cross*, 603 F. App'x 488, 489 (7th Cir. 2015). "[I]nmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings." *Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011).

Mr. Izquierdo's other contention that the officer lied in the conduct report does not provide a basis for granting him relief. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks and citation omitted). Even a conduct report alone can be sufficient evidence to support a finding of guilt. *Id.* Notably, Mr. Izquierdo acknowledges in his petition that he was fighting with his cellmate; he merely quibbles with the details

in the conduct report. Therefore, the conduct report is some evidence of guilt and this habeas corpus petition must be denied.

If Mr. Izquierdo wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because, pursuant to 28 U.S.C. § 1915(a)(3), an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment; and

(3) DENIES Randall Izquierdo leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

January 15, 2021                               *s/ Damon R. Leichty*
                                               Judge, United States District Court